72/592

 TEXAS DEPARTMENT OF INSURANCE

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI


RECEIVED
DEC 1 2 2016
M. & M., LLP
Answered        FILE

December 9, 2016

**Certified Mail No. 7015 0640 0002 0960 6488**
**Return Receipt Requested**

Edward T. Smith, Esq.
Mendes & Mount, LLP
Certain Underwriters at Lloyd's, London
750 Seventh Avenue
New York, NY  10019-6829

Re:   Cause No. 2016-CI-20344; styled *Christopher Scott Smith and Versatile Insurance Planners, LLC v. Certain Underwriters at Lloyd's London;* in the 224th Judicial District Court, Bexar County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance.  Enclosed please find citation and Plaintiff's Original Petition in the above-referenced matter.  These documents were served on the Commissioner of Insurance on December 7, 2016.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

**EXHIBIT B**

PRIVATE PROCESS

Case Number: 2016-CI-20344          2016CI20344  S00001

CHRISTOPHER S SMITH ET AL

VS.

CERTAIN UNDERWRITERS AT LLOYDS LONDON
(Note Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
224th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: CERTAIN UNDERWRITERS AT LLOYDS LONDON
BY SERVING THE TEXAS COMMISSIONER OF INSURANCE, DAVID MATTAX

750 SEVENTH AVE
NEW YORK NY 10019-6829

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd
day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  2ND DAY OF DECEMBER A.D., 2016.

PETITION

RUTH GREENFIELD MALINAS
ATTORNEY FOR PLAINTIFF
1635 NE LOOP 410 900
SAN ANTONIO, TX 78209-1625



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz,* Deputy

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) **executed**
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) **not executed**
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR:   VERIFICATION  OF  RETURN  (If  not  served  by  a  peace  officer)  SWORN  TO  this
_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my
address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant          ORIGINAL (DK002)

FILED
11/23/2016 1:02:25 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

CITPPS/SAC3

**2016CI20344**

CAUSE NO. _____

| | | |
|---|---|---|
| CHRISTOPHER SCOTT SMITH and VERSATILE INSURANCE PLANNERS, LLC, <br> Plaintiffs <br><br> V. <br><br> CERTAIN UNDERWRITER'S AT LLOYD'S, LONDON, <br> Defendant | § § § § § § § § § § § § | IN THE DISTRICT COURT <br><br> 224TH <br> ____JUDICIAL DISTRICT <br><br> BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiffs Christopher Scott Smith ("Smith") and Versatile Insurance Planners, LLC ("Versatile") file their Plaintiffs' Original Petition against Defendant Certain Underwriters at Lloyd's, London ("Lloyd's"). Plaintiffs seek a declaration of their rights and duties under an insurance policy and damages for breach of contract. Plaintiffs would respectfully show the Court the following.

## DISCOVERY CONTROL PLAN

1.      Discovery is intended to be conducted under Level 3 pursuant to Texas Rule of Civil Procedure 190.

## STATEMENT OF MONETARY RELIEF SOUGHT

2.      The monetary relief sought is over $100,000 but not more than $200,000, and is within the jurisdictional limits of the Court.

## PARTIES

3.      Plaintiff Christopher Scott Smith is an individual residing in Bexar County, Texas.

4.      Plaintiff Versatile Insurance Planners, LLC is a Texas limited liability company.

5.      Defendant Certain Underwriters at Lloyd's, London is a surplus lines insurer and a foreign citizen of England. Pursuant to Texas Insurance Code § 804.106(e), § 804.201-.203, 28 TAC § 7.1404, and 28 TAC § 7.1413, Defendant Lloyd's can be served with process by serving the Texas Commissioner of Insurance, David Mattax, by certified mail, return receipt requested, at P.O. Box 149104, Austin, Texas 78714-9104. The Commissioner should forward the citation and petition to Lloyd's through: Mendes and Mount, 750 Seventh Avenue, New York, New York 10019-6829.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court pursuant to Texas Civil Practice & Remedies Code sections 37.003 and 37.004.  Venue is proper in Bexar County, Texas, pursuant to Texas Civil Practice & Remedies Code section 15.002(a)(1), because all or a substantial part of the events giving rise to this claim occurred in Bexar County.

## DECLARATORY JUDGMENT ACTION

7.      This is an action for declaratory judgment pursuant to the Texas Declaratory Judgment Act, codified at Texas Civil Practice and Remedies Code sections 37.001 et seq.  An actual controversy has arisen and now exists between the parties concerning their rights and obligations under insurance policy number PGIARK02257-00 ("the Policy"), which was issued by Defendant Lloyd's to Kennon C. Coble d/b/a Versatile Insurance Planners (VIP) and had a policy period from 9/4/12 to 9/4/13. The Policy provided Insurance Agents and Brokers Errors and Omissions Coverage. Plaintiffs requested a defense and coverage under the Policy for the claims

being made in a suit brought against them by Joshua Flores and Lone Star Tunneling & Excavation, LLC., but Defendant has repeatedly denied a defense and denied coverage.

## FACTUAL BACKGROUND

**8.**     Plaintiff Smith is an insurance agent licensed by Texas to write property, casualty, life and health insurance. Effective October 1, 2009, Plaintiff Smith entered into a "Producer Agreement" with VIP, a sole proprietorship owned by Kennon Coble. Under the Producer Agreement, Plaintiff Smith developed accounts with and solicited insurance business from individuals and businesses. VIP then placed the business Plaintiff Smith solicited with insurance companies. Plaintiff Smith agreed in the Producer Agreement not to solicit or place any insurance business or financial services product on behalf of any entity or person other than VIP. Additionally, the Producer Agreement gave VIP the sole authority to contract with insurers, general agents, and other suppliers to provide insurance products and services with respect to Plaintiff Smith's accounts and customers. Under the Producer Agreement, Plaintiff Smith was not an employee of VIP; rather, Plaintiff was an independent contractor.

**9.**     On or about February 11, 2013, Plaintiff Smith met with Joshua Flores, who signed an application for a new commercial general liability policy for himself and his business, Lone Star Tunneling & Excavation ("Lone Star"), which the application reflects did tunneling and excavation work for plumbers. Kennon Coble signed the application on behalf of VIP.

**10.**     Plaintiff Smith gave the application and first premium installment to the VIP employee responsible that day for sending applications with any premium to the carrier, which was supposed to be Security National Insurance Company, an

Page 3 of 11

*Plaintiffs' Original Petition*
5989-002

AmTrust . Plaintiff Smith provided Lone Star a Certificate of Insurance. Unbeknownst to Plaintiff Smith, however, the VIP employee mistakenly filed the application and premium payment without processing it to the carrier.

11.     On or about March 20, 2013, Mr. Flores came to VIP and reported to Plaintiff a potential claim arising from a work site accident involving Mila Gant, a passerby who allegedly tripped and fell. Lone Star was the tunneling subcontractor on the site and had been hired by A&A Plumbing, LLC ("A&A"). Plaintiff Smith gave notice of and submitted the potential claim to Security National Insurance Company. Approximately a month later, Flores and VIP received a letter from the carrier's representative stating there was no active policy insuring Lone Star.

12.     Plaintiff Smith investigated, found out what had happened to the application, and contacted Security National Insurance Company's representative to ask the carrier to consider extending coverage. On or about June 17, 2013, Security National Insurance Company's representative confirmed there would be no coverage for Lone Star for the incident involving Ms. Gant. The same day, Plaintiff Smith met with Flores at VIP's offices, explained what had happened with the application, and told him there was no coverage for the Gant incident.

13.     Also on June 17, 2013, Plaintiff Smith gave notice under the Policy to Defendant of a potential claim against him and VIP from Flores and/or Lone Star based on the failure to place CGL coverage for Lone Star with Security National Insurance Company in February 2013. Within the next thirty days, Plaintiff Smith submitted to Defendant the written information necessary to give Defendant formal notice of the potential claim.

14.     On March 22, 2014, Ms. Gant filed a negligence/premises liability suit (the *Gant* suit) against Lone Star and A&A Plumbing, LLC. On May 14, 2014, Flores

Page 4 of 11

*Plaintiffs' Original Petition*
5989-002

brought the citation, Original Petition, and A&A's cross-claim for indemnity to Plaintiff Smith, who submitted them to Defendant in conjunction with the notice of potential claim given in June 2013. Plaintiff Smith did so because the damages in a claim against him and/or VIP by Lone Star would include the defense costs and damages that would have been covered by the Security National Insurance Company policy Plaintiff Smith intended to place for Lone Star in February, 2013.

15.     On October 7, 2014, Flores and Lone Star filed suit against Plaintiff Smith and VIP based on the failure to place the CGL coverage for Lone Star in February 2013. That suit is Cause No. 2014-CI-15968, *Joshua Flores and Lone Star Tunneling and Excavation, LLC v. Versatile Insurance Planners, LLC and Scott Smith*, currently pending in the 28%th Judicial District Court, Bexar County, Texas (the *Lone Star* suit). Flores and Lone Star asserted claims for negligence, breach of contract, and violation of the Texas Deceptive Trade Practices Act. The damages sought include Lone Star's defense costs in the *Gant* suit, any damages awarded to Gant and against Lone Star, any damages awarded against Lone Star on A&A's indemnity cross-claim, lost business and lost profits, additional damages under the DTPA, and attorney's fees incurred in bringing the *Lone Star* suit. Plaintiff Smith submitted the citation and petition to Defendant and requested a defense.

16.     Defendant's coverage counsel sent a letter to Kennon Coble, the sole proprietor of VIP, in which Defendant admitted the *Lone Star* suit fell within the Policy's insuring agreement, but denied coverage (including a defense) based solely on 3 exclusions the petition did not trigger.

17.     On two other occasions, Plaintiff Smith sent amended petitions Flores and Lone Star filed against Plaintiffs. Each time, Defendant denied coverage and

refused to provide a defense. As a result, Plaintiffs have incurred attorney's fees and other litigation costs.

18.     With the last few months, the *Gant* suit against Lone Star was tried to a jury. Although the jury found in favor of Lone Star and A&A Plumbing, the trial court has rendered a judgment against Lone Star for $40,000 on A&A's indemnity claim. That claim would have been covered by the CGL policy Lone Star sought in February 2013.

## THE POLICY

19.     The Policy provides Insurance Agents and Brokers Errors and Omissions Coverage. The Policy contains the following pertinent provisions:

    I.    **COVERAGE**

        A.    **INSURING AGREEMENT**

> The **Company** will pay on behalf of the **Insured** those sums which the **Insured** shall become legally obligated to pay as **Damages** because of a **Claim** that is made against the **Insured** for a **Wrongful Act** to which this insurance applies, and which **Claim** is first made against the **Insured** during the Policy **Period**, and reported to the **Company** during the **Policy Period**, provided always that:
>
> 1.    such **Wrongful Act** occurs in whole subsequent to the **RETROACTIVE DATE** as shown in Item 7. of the Declarations, and prior to the **EXPIRATION DATE** as shown in Item 4.b. of the **Declarations**; and
>
> 2.    the **Insured** had no knowledge or any **Claim**, suit, or of any facts, circumstances or incidents which might reasonably be expected to result in a **Claim**, arising from, connected with, or in any way relating to such **Wrongful Act**, as of the date of signing the **Application** for this insurance.

* * *

    VI.    **EXCLUSIONS**

*Plaintiffs' Original Petition*
5989-002

The **Company** shall not be liable to make any payment for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of:

\* \* \*

2.      or contributed to by the dishonest, fraudulent, criminal or malicious act or omission of any **Insured**, or arising out of willful violation of any penal statute or ordinance committed by or with the knowledge or consent of any **Insured**.

\* \* \*

20.     or based upon, directly or indirectly resulting from or in consequence of or in any way involving:

\* \* \*

b.      the collection, payment or return of commissions, fees, taxes, or premiums;

\* \* \*

d.      any actual or alleged commingling, misappropriation or conversion of **Client** funds.

\* \* \*

31.     Based on or arising out of the **Insured** gaining, in fact, any personal profit or advantage to which any **Insured** was not legally entitled, including but not limited to, misappropriation, conversion, embezzlement, commingling or defalcation of funds or other property.

\* \* \*

## VII.   DEFINITIONS

\* \* \*

**Client** means any individual or entity to whom the **Insured** has rendered **Professional Services**, including any appointed administrator, beneficiary, executor, receiver, or trustee or such individual or entity.

**Covered Product** means:

a.      Property and casualty insurance from a **Product Provider**;

\* \* \*

provided, however, that the **Insured** is duly licensed and permitted by law to offer to the public and to sell the **Covered Products** on all dates on which a **Wrongful Act** is alleged to have occurred. Further provided that the term **Covered Product** shall not include any limited partnership interests, variable annuities, or securities other than such Mutual Funds.

**Insured** means:

\* \* \*

b.      any employee or independent contractor solely while providing **Professional Services** and acting on behalf of and within the scope of his or her duties for the **Named Insured** . . . with respect to the solicitation and sale of **Covered Products** that have been approved by the **Named Insured**, provided that such individual is licensed and, if applicable, registered by all federal, state or local governmental or regulatory bodies charged with the regulation of the solicitation and sale of the **Covered Products** at issue in the **Claim** on all dates on which a **Wrongful Act** is alleged in the **Claim** to have occurred. Any such person who shall become an independent contractor or employee of the **Named Insured** during the **Policy Period** shall be an **Insured** upon the effective date of such contract or employment with the **Insured**, subject to the same limitations as above in this paragraph.

\* \* \*

The insurance afforded applies separately to each **Insured** against whom a **Claim** is made, except with respect to the **Company's** Limit of Liability as shown in **Item 5**, of the Declarations and provisions herein that apply to "any **Insured**."

\* \* \*

**Named Insured** means the person or organization named in **Item 2.** of the Declarations of this Policy.

**Professional Services** means any of the following services performed for others for a fee:

> **a.**    soliciting (whether directly or indirectly), placing, selling or servicing **Covered Products** for a **Client**;
>
> **b.**    insurance consulting for a **Client**;
>
> * * *
>
> **Wrongful Act** means:
>
> **a.**    any actual or alleged negligent act, error or omission by the **Insured** in the rendering or failure to render **Professional Services**;
>
> * * *

**20.**     The Policy also contains a provision under which Defendant has the right and duty to defend Plaintiffs with respect to the *Lone Star* suit.

**21.**     Plaintiffs ask the Court to declare that: (1) the *Lone Star* suit is covered by the Policy; (2) Defendant had and has the duty to defend that suit on behalf of Plaintiffs; and (3) Defendant has the duty to indemnify Plaintiffs.

**22.**     Pursuant to Texas Civil Practice and Remedies Code chapter 37, Plaintiffs are entitled to the attorney's fees and costs incurred in bring this declaratory judgment action.

## BREACH OF CONTRACT

**23.**     Defendant's refusal to defend breached the insurance contract. As a result of Defendant's refusal to defend, Plaintiffs have incurred attorney's fees, litigation costs, and expenses that are covered by the Policy. Plaintiffs will continue to incur those fees, costs, and expenses as a result of Defendant's continued refusal to defend. Defendant's denial of coverage also breached its duty to indemnify. Lone Star and Flores are seeking their attorney's fees incurred in defending the *Gant* suit and the $40,000 judgment rendered against Lone Star in the *Gant* suit. Those items of damage would have been covered by the policy Plaintiff Smith intended to place

and would have placed but for the inadvertent mistake by the VIP employee in failing to transmit the application and premium on behalf of Lone Star.

**24.** Pursuant to Texas Civil Practice and Remedies Code chapter 38, Plaintiffs seek the attorney's fees and costs incurred in bringing this suit.

## TEXAS INSURANCE CODE PROMPT PAYMENT CLAIM

**25.** By refusing to defend and completely denying coverage, Defendant has violated the Texas Insurance Code prompt payment provisions found in sections 542.051 through 542.060.

**26.** Accordingly, Plaintiffs are entitled to recover an 18% penalty on the defense costs and damages Defendant has failed to cover. Plaintiffs are also entitled to recover their attorney's fees for bringing this suit.

## RELIEF SOUGHT

**27.** Plaintiffs seek the following relief from the Court:

**28.** A declaratory judgment stating that:

   a.   Policy number PGIARK02257-00 issued by Defendant provides coverage for the claims asserted in the *Lone Star* suit;

   b.   Defendant has had and continues to have a duty to defend Plaintiffs in the *Lone Star* suit;

   c.   Defendant has a duty to indemnify Plaintiffs with respect to the *Lone Star* suit;

**29.** Plaintiffs seek a judgment awarding them any covered damages awarded against them in the *Lone Star* suit.

**30.** Plaintiffs also seek a judgment awarding them their attorney's fees incurred in defending the *Lone Star* suit and in bringing this suit against Defendant.

**31.** Plaintiffs further seek the 18% penalty mandated by the prompt payment provisions of the Insurance Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that, upon final trial, the Court will render a declaratory judgment as requested above, award Plaintiffs their costs of Court and attorneys' fees as requested above, render a judgment in favor Plaintiffs for any damages awarded against them in the *Lone Star* suit or amounts paid in settlement of that suit, render a judgment for the 18% penalty allowed under the Insurance Code prompt payment provisions, and for such other and further relief, in law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**PLUNKETT & GRIESENBECK, INC.**
1635 N.E. Loop 410, Suite 900
San Antonio, TX 78209
E-mail: nmimari@pg·law.com
E-mail: rmalinas@pg·law.com
Telephone No.: (210) 734-7092
Telecopier No.: (210) 734-0379

By: _____ */s/ Ruth G. Malinas* _____
    **NIK A. MIMARI**
    State Bar No. 24013169
    **RUTH G. MALINAS**
    State Bar No. 08399350

    ATTORNEYS FOR PLAINTIFFS,
    CHRISTOPHER SCOTT SMITH and
    VERSATILE INSURANCE
    PLANNERS, LLC

*Plaintiffs' Original Petition*
5989-002



# Case #2016CI20344

**Name**: CHRISTOPHER SCOTT SMITH

**Date Filed** : 11/23/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 224

**Docket Type** : INSURANCE

**Business Name** :

**Style** : CHRISTOPHER S SMITH ET AL

**Style (2)** : vs CERTAIN UNDERWRITERS AT LLOYDS LONDON

# Case History

*Currently viewing 1 through 4 of 4 records*

| Sequence | Date Filed | Description |
|---|---|---|
| S00001 | 12/2/2016 | CITATION<br>CERTAIN UNDERWRITERS AT LLOYDS LONDON<br>ISSUED: 12/2/2016 |
| P00003 | 12/1/2016 | LETTER<br>PAYING FOR COPIES |
| P00002 | 11/23/2016 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 11/23/2016 | PETITION |