**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER SCOTT SMITH | § | |
| and VERSATILE INSURANCE | § | |
| PLANNERS, LLC, | § | |
|     Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:17-cv-00005-FB |
| | § | |
| CERTAIN UNDERWRITER'S AT | § | |
| LLOYD'S, LONDON, | § | |
|     Defendant | § | |

**PLAINTIFFS' MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1447(c), plaintiffs Christopher Scott Smith ("Smith") and Versatile Insurance Planners, LLC ("Versatile") move for an order remanding this action to the 224th District Court, Bexar County, Texas, on the grounds that removal was improperly made, and this Court lacks subject-matter jurisdiction over this action.  As explained in the "Certificate of Conference" at the end of this Motion, Smith and Versatile do not know whether Defendant will oppose this Motion. In support of their motion, plaintiffs would show the Court as follows:

**I.   Defendant's Notice of Removal Is Facially Defective, Because It Fails to Demonstrate Complete Diversity Exists**

In its Notice of Removal, Defendant Certain Underwriters at Lloyd's London ("Certain Underwriters") asserts diversity as the basis for removal. As the party invoking federal court jurisdiction, Certain Underwriters has the burden to plead and, if challenged, prove the essential facts establishing diversity jurisdiction, which necessarily includes the state citizenship of all parties. *See  D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-126 (1st Cir. 2011).

### A.    Citizenship of Corporations and Other Business Entities

When a party is not an individual, the citizenship analysis depends upon the party's business or entity form. For example, 28 U.S.C section 1332(c)(1) governs the states or countries of which a corporation is a citizen for diversity purposes. On the other hand, the citizenship of entities not organized as corporations—such as limited partnerships, limited liability companies, and unincorporated associations—is determined based on the citizenship of each of the entities' members or partners. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569, 124 S. Ct. 1920, 1923, 158 L. Ed.2d 866 (2004) (partnerships and limited partnerships); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196, 110 S. Ct. 1015, 1021, 108 L. Ed.2d 157 (1990) (unincorporated associations); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008) (citizenship of an LLC is that of all its members).

### B.    Citizenship of "Certain Underwriters at Lloyd's, London."

The insurance policy at issue in this insurance coverage case ("the Policy") states "Certain Underwriters at Lloyd's of London" provides the coverage the Policy provides. No particular "Underwriter" is identified by name. The Policy includes an endorsement titled "Schedule of Participating Underwriters," but the only information provided is a "Syndicate Number" (4020) and a three-letter "Pseudonym" (ARK). Nothing in the endorsement or the rest of the Policy identifies even the name of any Syndicate 4020 members, much less information sufficient to determine the citizenship of each member of the Syndicate.

Certain Underwriters' Notice of Removal does not provide sufficient facts to establish diversity either. The Notice states only the following:

> 7.    Defendant Certain Underwriters at Lloyd's London subscribing to Policy Number PGIARK02257-00 made the basis of this lawsuit was and is a foreign corporation, duly organized and existing under and by virtue of the laws of England and Wales and at all times

material hereto was duly authorized to issue insurance
policies in the State of Texas.

Notice of Removal at 2-3. The above portion of the Notice erroneously implies that
"Certain Underwriters at Lloyd's London subscribing to Policy Number
PGIARK02257-00" and Syndicate 4020 consist of a single entity that is a "foreign
corporation" with English and Wales citizenship. Defendant, however, does not
identify by name even the one entity it describes. On information and belief,[1]
Plaintiffs assert there are multiple Names or Underwriters subscribing to the Policy,
at least some of which are citizens of at least one of the United States. As a result,
the Notice of Removal is deficient, because it does not include the citizenship facts for
all of the subscribing Underwriters.

    "Lloyds of London is not an insurance company but rather a self-regulating
entity which operates and controls an insurance market." *Corfield v. Dallas Glen
Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *accord Underwriters at Lloyd's, London
v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010) (describing Lloyd's of London
as "not an insurance company, but rather a British organization that provides
infrastructure for the international insurance market."). In other words, Lloyd's
provides its member investors with a market at which they can buy and sell insurance
risks among one another. *See Corfield*, 355 F.3d at 857-858. "Lloyd's itself does not
insure any risk." *Osting-Schwinn*, 613 F.3d at 1083; *accord Corfield*, 355 F.3d at 858
(noting that a policyholder "insurers *at* Lloyd's but not *with* Lloyd's") (emphasis in
original).

---

[1] Counsel for plaintiffs has spoken to defense counsel on two occasions regarding the jurisdictional
issue and requested a list of the "Underwriters." During those conversations, plaintiffs' counsel was
told there were five or more Underwriters subscribed to the policy. As of the date this Motion is being
filed, however, the identity of and citizenship information for the subscribing Underwriters have not
been provided. Plaintiffs and their counsel have told opposing counsel they are willing to enter into
this Court's standard protective order to preserve the confidentiality of the information necessary for
this Court to determine whether there is in fact complete diversity in this case.

The Fifth Circuit has explained the Lloyd's insurance market as follows, in pertinent part:

> The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks. [citation omitted] Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment. [citation omitted] . . . Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. [citation omitted] Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint. [citation omitted]
>
> Most Names or investors do not actively participate in the insurance market on a day to day basis. [citation omitted] Rather, the business of insuring risk at Lloyd's is carried on by groups of Names called "Syndicates.". . . The Syndicates themselves have been said to have no independent legal identity. Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy.

*Corfield*, 355 F.3d at 858.

When suit is brought, as here, against "Certain Underwriters at Lloyd's, London," the suit is "against each Name or Underwriter who is a subscriber to the polic[y] in question." *NL Indus., Inc. v. OneBeacon America Ins. Co.*, 435 F. Supp.2d 558, 564 (N.D. Tex. 2006).[2] The majority rule for determining diversity in such a suit is that the Court must consider the citizenship of each Name or Underwriter who is subscribed to the policy in question. *See* 13F The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Vikram David Amar, Richard D. Freer, Helen

---

[2] In *Corfield*, one Name, who subscribed to 32.79 percent of the risk, ultimately sued only in its individual capacity as lead underwriter on the policy at issue. *See id.*, 355 F.3d at 855, 856, 863. Thus, the court ultimately held that only that lead underwriter's citizenship was relevant. The *NL Industries* court distinguished *Corfield* on this basis. *See* 435 F. Supp.2d at 564.

Hershkoff, Joan E. Steinman, & Catherine T. Struve, *Federal Practice and Procedure* § 3630.1 & nn.31-33.50 (citing cases requiring citizenship of all Names be considered but also noting contrary case law).

### C.   Defendant's Notice of Removal Fails to Allege Facts Sufficient to Establish Complete Diversity

The Policy does not identify the name of **any** of the subscribing Names or Underwriters. Nothing in the Policy provides any information from which Plaintiffs can determine the citizenship of the Names or Underwriters who would be liable for any portion of the risk. The Notice of Removal does not allege sufficient facts to demonstrate complete diversity, since it addresses only one of an unknown total number of Names/Underwriters. Moreover, if some Underwriters are themselves unincorporated associations (such as limited partnerships or limited liability companies), the Notice of Removal should have alleged facts concerning the citizenship of all members of such entities. Additionally, without knowing the percentage of risk each Name/Underwriter has agreed to with respect to the Policy, plaintiffs have no way of determining if the amount in controversy requirement is satisfied. *See Osting-Schwinn*, 613 F.3d at 1091-1092.

### II.   The Court Should Remand This Case to State Court

Defendants invoked federal diversity jurisdiction and has access to the information necessary to demonstrate complete diversity and the amount in controversy. *See id.* at 1092 (without evidence of the identity of, citizenship of, and percentage of risk assumed by each Name, it is impossible for court to determine whether complete diversity exists); *NL Indus., Inc.*, 435 F. Supp.2d at 562, 564 (removing party has obligation to make affirmative, distinctive allegations concerning diversity and provide necessary proof establishing diversity when allegations are insufficient and challenged). In contrast, plaintiffs have no access to

such information. Under the circumstances of this case, the Court should remand this case to state court.

*Certificate of Conference.* Before filing this Motion, plaintiffs' counsel contacted defense counsel to confer and request information concerning citizenship of all Names/Underwriters in Syndicate 4020 who have subscribed to the Policy. In a second conversation, plaintiffs' counsel offered to enter into this Court's standard, non-sharing protective order to protect the confidentiality of the information. So far, however, defendants have not provided any evidence demonstrating diversity jurisdiction exists and have not stated whether they oppose this Motion to Remand.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Smith and Versatile respectfully request the Court to remand this case to the Texas district court from which it was removed and for such other relief to which they may be entitled.

Respectfully submitted,

**PLUNKETT, GRIESENBECK &
    MIMARI, INC.**
1635 N.E. Loop 410, Suite 900
San Antonio, TX 78209
E-mail: nmimari@pg-law.com
E-mail: rmalinas@pg-law.com
Telephone No.: (210) 734-7092
Telecopier No.: (210) 734-0379

By: _____ */s/ Ruth G. Malinas*
**NIK A. MIMARI**
State Bar No. 24013169
**RUTH G. MALINAS**
State Bar No. 08399350

ATTORNEYS FOR PLAINTIFFS
CHRISTOPHER SCOTT SMITH and
VERSATILE INSURANCE
PLANNERS, LLC

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the foregoing document has this 6th day of February, 2017, has been forwarded through the Court's electronic filing system to:

Jacob C. Esparza
jacob.esparza@hfw.com
Susan H. Swanson
susan.swanson@hfw.com
HOLMAN FENWICK WILLAN USA LLP
5151 San Felipe, Suite 400
Houston, TX 77056

*Attorneys for Defendants,*
*Certain Underwriter's at Lloyd's, London*

_/s/ *Ruth G. Malinas*_
Ruth G. Malinas

---